UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

   Plaintiff,

v.

             Case No. 23-cv-278-pp

APPROXIMATELY $12,662 US CURRENCY,

   Defendant.

---

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 13) AND DISMISSING CASE**

---

On November 18, 2022, the plaintiff filed a complaint for civil forfeiture *in rem* against approximately $40,000 in United States currency from Bank of America account number ending in 6148. Dkt. No. 1. On May 9, 2023, the plaintiff applied for entry of default, dkt. no. 13, and a motion for default judgment, dkt. no. 14. The clerk of court entered default the same day.

**I.** **Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). This means that the court must assure itself that the defendant was aware of the suit and still did not respond.

The United States Marshals Service seized the defendant property under a warrant of arrest *in rem* issued on March 2, 2023. Dkt. No. 9. The property

1

originally had been seized on or about July 19, 2022 at 5xxx North 75th Street, Milwaukee, Wisconsin from Khamthay Vang and an individual with the initials Y.V. Dkt. No. 13 at 1.

The plaintiff posted notice of the civil forfeiture on the official government internet site for at least thirty consecutive days beginning on March 2, 2023. Dkt. No. 10. That same day, the plaintiff filed notices of the complaint for civil forfeiture of property and served them, along with the verified complaint for civil forfeiture and the verification, on the potential claimants. Dkt. Nos. 4-8. The plaintiff served Khamthay Vang via certified mail at his last known addresses and in care of his attorney, Osman Mirza. Dkt. Nos. 4-6. According to the plaintiff, the return receipt and the United States Postal Service tracking report indicate that the documents were delivered and accepted on behalf of Vang on March 3, 2023 by Attorney Mirza's office. Dkt. 13 at 2. In addition, the government represents that the documents sent to their last known addresses were accepted by, or on behalf of, Khamthay or Ying Vang on March 7, 2023. Id. Finally, the plaintiff says that it served Killing EM Visuals, LLC in care of its registered agent (United States Corporation Agents, Inc., 2761 Allied Street, 1st Floor, Green Bay, WI) and the certified mail receipt and USPS tracking report reflect that on March 6, 2023, the documents were delivered and accepted on behalf of Killing EM Visuals, LLC. Id.

The thirty-five-day time limit for filing a claim and the twenty-one-day limit for filing the answer expired on April 6, 2023. Id. When the claimants failed to file a claim and/or answer, the plaintiff filed a letter to the court,

advising the court that if a valid claim was not filed by May 4, 2023, the plaintiff would move for default judgment. Dkt. No. 11. Copies of the letter were sent to—and received by—Khamthay Vang and Ying Vang, Osman Mirza and Killing EM Visuals, LLC in care of its registered agent by first class and certified mail. Dkt. No. 11; Dkt. No. 13 at 3.

As of the date of this order, no verified claims or answers have been filed as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The defendant is in default.

**II.     Motion for Default Judgment (Dkt. No. 13)**

After the entry of default, the plaintiff may move for default judgment under Federal Rule of Civil Procedure 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

3

The plaintiff has established that the property was subject to forfeiture under 21 U.S.C. §§881(a)(6) because it was used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. §841(a)(1). The well-pleaded allegations in the complaint demonstrate that the $12,662 in defendant property is subject to forfeiture by the plaintiff. Dkt. No. 1. A confidential informant purchased methamphetamine from Khamthay Vang, a person who previously had been convicted of a felony, on April 7, April 12, April 26, June 2, June 16 and July 13, 2022. Id. at ¶¶14, 22. The transactions were recorded by audio and video. Id. Officers executed a search warrant on July 19, 2022 and in Khamthay's bedroom, they located a shoebox with approximately $12,662 in United States currency (much of it in small denominations like $20 bills), baggies of "a THC substance," baggies of cocaine, baggies of methamphetamine, a firearm with an inserted magazine loaded with ammunition, ammunition, two rifles (one of which had been reported stolen), a jar of marijuana and additional magazines and ammunition; in other rooms in the house, law enforcement found more marijuana and cocaine and paraphernalia (a heat sealer, bags, scales and a money counter). Id. at ¶25. In two Mirandized interviews, Khamthay Vang admitted to owning the drugs and selling illegal substances for the past two years. Id. at ¶¶29, 30-32. Vang subsequently was charged in Milwaukee County Circuit Court with possession of THC with intent to distribute, maintaining a drug trafficking place and being a prohibited person in possession of firearms. Id. at ¶33.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 13.

The court **ORDERS** that the defendant property—approximately $12,662 in United States currency—is **FORFEITED** to the United States of America.

The court **ORDERS** that no right, title, or interest in the defendant property shall exist in any other party.

The court **ORDERS** that the United States Marshals Service or its duly authorized agent must seize the defendant property and dispose of it according to law.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 29th day of June, 2023.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**

5

Case 2:23-cv-00278-PP   Filed 06/29/23   Page 5 of 5   Document 15